**Opinion issued May 19, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00586-CR

———————————

**ELIJAH ISAIAH-DOMINIQUE PLEASANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th Judicial District Court**
**Galveston County, Texas**
**Trial Court Case No. 11CR0712**

---

## MEMORANDUM OPINION

This is an appeal from an adjudication of guilt in which Appellant Elijah Isaiah-Dominique Pleasant was sentenced to eight years' confinement. The trial court found true six of the allegations on which the State moved to revoke Pleasant's community supervision. In two issues, Pleasant contends that the trial

court abused its discretion by (1) admitting his sex offender counselor's reports and records in violation of the Confrontation Clause and (2) taking judicial notice of his probation file at the hearing on the State's motion to revoke. We affirm.

## Background

In February 2013, Pleasant pleaded guilty to third-degree felony injury to a child. The trial court assessed punishment at eight years' confinement, but suspended the sentence and placed Pleasant on community supervision for eight years. In March 2014, the State moved to revoke Pleasant's community supervision, alleging that Pleasant had failed to:

- pay supervision fees;
- pay court costs;
- reimburse Galveston County for compensation of appointed counsel;
- pay the Crime Stoppers Program fee;
- pay for the cost of drug/alcohol screening;
- participate in a community service program at a rate of no less than 16 hours per month until completed;
- enroll in a domestic violence and/or anger control program; and
- attend sex offender counseling as required.

Pleasant pleaded not true to all of the allegations.

The trial court conducted a hearing on the State's motion in May 2014. At the State's request, the trial court took judicial notice of Pleasant's probation file. It also heard the testimony of three witnesses: (1) Pleasant's community supervision officer, Kerry Klyng of the Galveston County Adult Probation Department, (2) Pleasant, and (3) Pleasant's girlfriend.

The trial court found six of the State's eight allegations to be true. It found that Pleasant had failed to:

- pay court costs;
- pay the Crime Stoppers Program fee;
- pay for the cost of drug/alcohol screening;
- participate in a community service program at a rate of no less than 16 hours per month until completed;
- enroll in a domestic violence and/or anger control program; and
- attend sex offender counseling as required.

The trial court revoked Pleasant's community supervision and assessed punishment at eight years' confinement.

## Discussion

In two issues, Pleasant contends that the trial court abused its discretion by taking judicial notice of his probation file and by admitting his sex offender counselor's hearsay reports and records, in violation of the Confrontation Clause. The State responds that the trial court's judgment should be affirmed because Pleasant failed to challenge all grounds for revocation, or alternatively, that the trial court properly took judicial notice of the probation file and admitted the reports and records.

## A. Standard of Review

We review a trial court's order revoking community supervision under an abuse of discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The trial court abuses its discretion in issuing the order to revoke if

the State fails to meet its burden of proof. *Greathouse v. State*, 33 S.W.3d 455, 458 (Tex. App.—Houston [1st Dist.] 2000, pet ref'd). We examine the evidence in the light most favorable to the trial court's order. *Id.* The trial court is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to their testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. 1980); *Amado v. State*, 983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

In a community supervision revocation hearing, the State must prove by a preponderance of the evidence that the probationer violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Shah v. State*, 403 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). This standard is met when the greater weight of the credible evidence creates a reasonable belief that the probationer violated a condition of his community supervision. *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); *Shah*, 403 S.W.3d at 34.

When several violations are found by the trial court, we will affirm the order revoking community supervision if the State proved any violation by a preponderance of the evidence. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision.") (citations

omitted). And the trial court's judgment should be affirmed if the appellant does not challenge all of the grounds on which the trial court revoked community supervision. *Joseph v. State*, 3 S.W.3d 627, 640 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("Thus, in order to prevail, appellant must successfully challenge all the findings that support the revocation order.").

## B.    Analysis

In his second issue, Pleasant contends that the trial court abused its discretion by taking judicial notice of the contents of his probation file, which presumably support multiple grounds for revocation. Specifically, Pleasant asserts that the file contained his sex offender counselor's records, which are not an appropriate subject matter of which to take judicial notice. Even assuming that the trial court erred in taking judicial notice of Pleasant's probation file, we conclude that the trial court did not abuse its discretion in revoking Pleasant's community supervision based on his failure to perform community service in accordance with the conditions of community supervision.

The violation of a single condition of community supervision is sufficient to support revocation. *Smith*, 286 S.W.3d at 342; *Joseph*, 3 S.W.3d at 640 ("[I]n order to prevail, appellant must successfully challenge all the findings that support the revocation order."). Here, the unrebutted testimony of Klyng, Pleasant's community supervision officer, established that Pleasant failed to perform his

5

court-ordered community service at the required rate. The order granting community supervision required Pleasant to perform 200 hours of community service at a rate of 16 hours per month until completed. Klyng testified that over the course of nearly 14 months, Pleasant had completed only six of the 200 required hours.

Pleasant also admitted that he performed only six hours of community service. He testified that his only excuse for failing to perform more community service was lack of transportation. But he also admitted that he could walk to the location at which he was required to perform his community service.

We conclude that this evidence was sufficient to show, by a preponderance of the evidence, that Pleasant failed to complete the required hours of community service at the required rate and thus violated the community service condition of his community supervision, justifying revocation. *See Thomas v. State*, No. 14-10-00653-CR, 2011 WL 1709940, at *2 (Tex. App.—Houston [14th Dist.] May 3, 2011, pet. ref'd) (mem. op., not designated for publication) (probation officer's testimony that appellant failed to perform his community service hours at required rate was sufficient evidence to support revocation); *Cochran v. State*, 78 S.W.3d 20, 28 (Tex. App.—Tyler 2002, no pet.) (same); *Elizondo v. State*, 966 S.W.2d 672, 673 (Tex. App.—San Antonio 1998, no pet.) (same).

Because Klyng's oral testimony and Pleasant's own admission amply support the trial court's finding that Pleasant failed to complete the required community service hours, we conclude that error in taking judicial notice of the contents of Pleasant's probation file, if any, would not warrant reversal. *See Garza v. State*, 996 S.W.2d 276, 280 (Tex. App.—Dallas 1999, pet. ref'd) (recognizing that trial court's error in taking judicial notice is subject to harmless error rule). Even assuming that the probation file contained evidence that Pleasant failed to complete his required community service, it would be, at most, duplicative of Klyng's and Pleasant's own oral testimony, which Pleasant does not challenge on appeal. Accordingly, any error in taking judicial notice of the contents of Pleasant's probation file was harmless. *See* TEX. R. APP. P. 44.2(b); *see also Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (improper admission of evidence does not constitute reversible error and is properly deemed harmless if same or similar facts are proved by other properly admitted evidence); *Anderson v. State*, 717 S.W.2d 622, 627 (Tex. Crim. App. 1986) (same); *Gavin v. State*, 404 S.W.3d 597, 605 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (appellant failed to show that his trial counsel's request for trial court to take judicial notice of its records prejudiced him because "all of the information that the trial court noted from its files was duplicative of testimony" offered at trial).

Because any single unchallenged ground will support revocation, we hold that Pleasant failed to show that the trial court abused its discretion in revoking based on Pleasant's failure to comply with the community service condition of his community supervision, and we need not address his first issue regarding the admission of his sex offender counselor's reports and records that support the finding that he failed to attend sex offender counseling. *See Smith*, 286 S.W.3d at 342 (one sufficient ground for revocation supports trial court's order revoking community supervision); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Gobell v. State*, 528 S.W.2d 223, 224 (Tex. Crim. App. 1975) ("Since the other finding upon which probation was revoked is unchallenged, appellant's contention, even if correct, would not show an abuse of discretion.").

We overrule Pleasant's second issue.

## Conclusion

We affirm the judgment of the trial court.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

8