**Opinion issued November 21, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-10-01138-CR

————————————

**DINESH KUMAR SHAH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1040406**

## OPINION

Dinesh Kumar Shah appeals the trial court's judgment revoking his community supervision, adjudging him guilty of the felony offense of injury to a

child,[1] and sentencing him to ten years' confinement. In three issues, Shah contends that (1) the evidence was insufficient to establish a violation of the terms of his community supervision, (2) the trial court violated his constitutional rights by considering hearsay evidence, and (3) the trial court abused its discretion by failing to grant a continuance of the revocation hearing. We affirm.

## Background

A grand jury indicted Shah for the felony offense of injury to a child after he struck a child younger than fifteen years of age with his hand or pulled the child's hair or both. Pursuant to his guilty plea, Shah was granted deferred adjudication and placed on community supervision. The terms of his community supervision required Shah to, among other things, refrain from committing an offense against the laws of Texas, maintain full-time employment and provide written verification of such employment, notify his community supervision officer of any change of residence within forty-eight hours, perform 500 hours community service at a rate of no less than sixteen hours per month, submit to drug and alcohol testing, and undergo a "psychological/psychiatric" evaluation. Approximately three and one half years later, the State moved to adjudicate Shah's guilt, alleging twelve violations of these terms. The State abandoned four of the allegations before the

---

[1]    *See* TEX. PENAL CODE ANN. § 22.04 (West Supp. 2012).

2

hearing on its motion to adjudicate, and Shah pleaded "not true" to the remaining eight allegations.

Before the State called its first witness, Shah moved for a continuance of the revocation hearing due to pain and drowsiness he was experiencing as a result of a medical procedure performed four days earlier. In support of his request, Shah offered a note from his doctor indicating a six-week recovery period. However, the trial court denied Shah's motion because the medical procedure Shah endured was only a "day surgery," Shah was not hospitalized, and the State's motion to adjudicate guilt had been pending for more than one year. Toward the end of the first day of testimony, Shah fell asleep in court. His counsel renewed the continuance request and stated that the hydrocodone Shah used to manage pain was causing him to "doz[e] off." The trial court recessed the proceedings for the day without hearing further testimony in order to accommodate Shah.

When the parties convened the next morning, Shah's counsel requested that the revocation hearing be delayed further to give Shah more time to recover. The trial court granted the request, in part, and excused the parties for two days. The trial court ordered Shah not to take any pain medication that would cause drowsiness once the hearing resumed. When the testimony continued two days later, Shah did not immediately reurge his motion for continuance; instead, after a full day of testimony and only shortly before the evening recess, Shah again

expressed that he was in pain and needed additional time to recover. The trial court refused to delay the hearing any further.

At the start of the third day of testimony, Shah offered a note from a doctor (who was not his surgeon) who had examined Shah at home and concluded that, "[d]ue to ongoing pain and the use of narcotic medications, [ ] Shah should not be involved in making any serious decisions that could affect his or other's well-being." The trial court observed for the record that Shah appeared alert, actively participated, took notes, and conferred with counsel during the previous day's proceedings. Although the trial court ultimately denied Shah's renewed request for a continuance, the trial court agreed to work less intensely for the duration of the hearing. Later that day, one of the prosecutors informed the trial court that she had spoken with Shah's doctor, who stated that Shah could fully participate in the hearing so long as he did not take narcotic mediations. On the final day of testimony, Shah once more moved for a continuance, and the trial court again denied the motion.

After hearing testimony from six witnesses and considering all the evidence, the trial court found six of the alleged violations of Shah's community supervision terms true. Specifically, the trial court found that Shah:

1. twice committed an act that would constitute the offense of assault by causing bodily injury to J. Davidsson, a member of Shah's household;

4

2. on eighteen occasions, failed to present his community supervision officer with written verification of employment;

3. permitted three months to pass without notifying his community supervision officer of a new residence despite having been ordered to do so within forty-eight hours of moving;

4. failed to perform community service at the court-ordered rate of no less than sixteen hours per month;

5. failed to submit to an alcohol and drug evaluation by the court-ordered date; and

6. failed to submit to "psychological/psychiatric" evaluation by the court-ordered date.

The trial court entered a judgment adjudicating guilty pursuant to its findings, and Shah timely appealed.

## Sufficiency of the Evidence

In his first issue, Shah argues that the trial court abused its discretion in revoking his community supervision because the State presented insufficient evidence to support the trial court's findings that Shah violated the terms of his community supervision.

Our review of the trial court's order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *see also Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). When a trial court finds several violations of community-supervision conditions, we will affirm

the order revoking community supervision if the proof of any single allegation is sufficient. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Canseco*, 199 S.W.3d at 439; *Greer v. State*, 999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd).

In the proceeding to revoke community supervision, the burden of proof was on the State to show by a preponderance of the evidence that Shah violated a condition of community supervision as alleged in the motion to revoke. *See Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). "Preponderance of the evidence" means the greater weight and degree of credible evidence. *See Rickels*, 202 S.W.3d at 763−64. If the greater weight of credible evidence in this case created a reasonable belief that Shah violated a condition of community supervision, the burden was met. *See In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.—Texarkana 2003, no pet.) (citing *Martin v. State*, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel Op.] 1981)). If the State failed to meet its burden, it was an abuse of discretion for the trial court to issue a revocation order. *Cardona*, 665 S.W.2d at 493−94.

We view the evidence in the light most favorable to the trial court's ruling. *See Johnson v. State*, No. 07-11-00480-CR, 2012 WL 5392095, at *1 (Tex. App.— Amarillo Nov. 5 2012, no pet. h.) (citing *Cardona*, 665 S.W.2d at 493). The trial court was the sole judge of the facts, the credibility of the witnesses, and the

weight to be given to the witnesses' testimony. *Canseco*, 199 S.W.3d at 439; *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no writ). Reconciliation of conflicts and contradictions in the evidence was within the province of the trial court, and such conflicts will not call for reversal if there was enough credible testimony to support the conviction. *See Cooks v. State*, 844 S.W.2d 697, 708 (Tex. Crim. App. 1992).

We first consider whether there was sufficient evidence that Shah violated the condition of his community supervision prohibiting him from violating any laws of the State of Texas. The State alleged that Shah violated this condition by committing the offense of assault against J. Davidsson. Shah assaulted Davidsson if he intentionally, knowingly, or recklessly caused Davidsson bodily injury. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). To establish the elements of assault, the State presented only Davidsson's testimony. Davidsson, once a close friend and roommate of Shah's, explained how his relationship with Shah grew increasingly tense over time. In one argument that occurred during the period of Shah's community supervision, Shah threatened to "beat [Davidsson] to the ground," head-butted Davidsson "extremely hard," repeatedly slapped Davidsson in the face, and pushed Davidsson into a wall. Davidsson further testified that being head-butted by Shah caused the bridge of Davidsson's nose to bleed.

Shah argues that Davidsson's testimony alone was insufficient to establish an assault because (1) it did not establish that Davidsson suffered a "bodily injury," (2) there were no "photographs, no eye-witnesses, no audio or video recordings, and certainly no forensic evidence that supported Davidsson's claims" and (3) other evidence suggested that, contrary to Davidsson's testimony, the men had a healthy relationship. With respect to the third point, Shah specifically references certain notes and messages in which Davidsson expressed the fondness he felt for Shah and his appreciation for Shah's friendship. These notes and messages were included inside of a birthday card given by Davidsson to Shah, two books gifted by Davidsson to Shah, and a letter drafted by Davidsson for Shah.

We reject Shah's complaints about the sufficiency of the State's evidence. First, the Penal Code defines "bodily injury" to mean "physical pain, illness, or any impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(8) (West Supp. 2012). Under this broad definition, "[a]ny physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012); *see also Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009); *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). Because "people of common intelligence understand pain and some of [its] natural causes," a factfinder may infer that a victim actually felt or suffered physical pain. *Garcia*, 367 S.W.3d at 688. Here, Davidsson did not expressly state that he experienced

8

pain when Shah head-butted him, but he did testify that he bled from the bridge of his nose. The trial court could reasonably infer that a lesion on the bridge of Davidsson's nose would cause physical pain. Thus, Davidsson's testimony was sufficient to establish bodily injury.

Moreover, the State was not required to offer the testimony of any additional eyewitness or other audio, visual, or forensic evidence to establish the occurrence of the assault. "The testimony of a single witness is sufficient to support a felony conviction." *Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006); *see Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (affirming conviction for aggravated robbery when central issue involved a single witness's credibility); *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971) (upholding conviction for attempted murder where only one witness saw appellant with gun). And to the extent Shah seeks to have this Court re-weigh Davidsson's in-court testimony against the written statements made by him in a birthday card, inside the cover of two books, or in a letter, the Court will not oblige. The trial court, as the sole trier of fact, determined Davidsson's credibility and the weight to be given his testimony. *See Canseco*, 199 S.W.3d at 439.

We hold instead that the trial court could reasonably find that the greater weight of the credible evidence was that Shah violated at least one condition of

community supervision by assaulting Davidsson. Because this alone is sufficient to support the trial court's order revoking Shah's community supervision, we do not consider whether the State presented sufficient evidence of the other alleged violations. The trial court did not abuse its discretion in revoking Shah's community supervision, adjudging him guilty, and assessing punishment, and we overrule Shah's first issue. *See Rickels*, 202 S.W.3d at 763−64.

## Constitutional Challenges

The State presented testimony from two community supervision officers to establish violations of the community supervision terms requiring Shah to submit to drug, alcohol, and mental health screening and to perform community service at a certain rate. In his second issue, Shah argues that the trial court erred by considering and weighing the community supervision officers' testimony because the testimony was based on statements from counseling service providers and information recorded in Shah's community supervision file, not on the community supervision officers' personal knowledge or personal observations. According to Shah, the trial court's reliance on such hearsay violated his constitutional confrontation and due process rights.

Shah did not object to the admission of the community supervision officers' testimony regarding statements from counseling service providers or information contained in Shah's community supervision file. To preserve error for appellate

10

review, however, Shah was required to make a timely request, objection, or motion in the trial court that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of his complaint. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) (observing that failure to object in timely and specific manner forfeits complaints about admissibility of evidence). This is true even though the error of which Shah now complains may concern his constitutional rights. *See Saldano*, 70 S.W.3d at 889; *see also Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993) (holding that defendant may forfeit constitutional errors at trial by failing to properly object), *overruled in part on other grounds*, *Cain v. State*, 947 S.W.2d 262, 265 (Tex. Crim. App. 1999); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (holding that defendant waives right to confrontation and due process by failing to object to admission of evidence at trial). Thus, because Shah did not object to the community supervision officers' testimony, we hold that Shah has not preserved his complaint that the admission of their testimony violates his confrontation and due process rights, and we overrule Shah's second issue. *See Marin*, 851 S.W.2d at 280 ("[A]n important consequence of a party's failure to petition enforcement of his forfeitable rights in the trial court is that no error attends failure to enforce them and none is presented for review on appeal.").

## Motion for Continuance

In his third issue, Shah argues that the trial court erred by refusing to grant a continuance of the revocation hearing so that Shah could recover from a medical procedure. Shah asserts that the pain and drowsiness he experienced as a result of the medical procedure incapacitated him and rendered him unable to assist counsel with the defense of the State's motion to adjudicate.

We review a trial court's denial of a motion for continuance for an abuse of discretion. *See Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996); *Heiselbetz v. State*, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). An abuse of discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Lyles v. State*, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). To establish that the trial court abused its discretion by denying the motion for continuance, Shah must show specific prejudice to his defense. *See Janecka*, 937 S.W.2d at 468; *see also Chance v. State*, 528 S.W.2d 605, 607 (considering prejudice to defense resulting from defendant's illness during trial).[2] Examples of specific prejudice include unfair surprise, an inability to effectively cross-examine the State's witnesses, and the inability to elicit crucial testimony from potential witnesses. *See Janecka*, 937 S.W.2d at 468.

---

[2] *See also Birmingham v. State*, No. 11-97-00345-CR, 1999 WL 33743919, at *1 (Tex. App.—Eastland 1999, no pet.) (not designated for publication) (determining that prejudice from denial of motion for continuance based on defendant's physical condition must be shown).

Here, Shah only generally asserts that his defense of the State's motion to adjudicate was prejudiced by his inability to stay awake during the revocation hearing. Neither his briefing in this Court nor the record itself, however, establishes any specific prejudice from Shah's physical condition. Although Shah asserts that he "dozed off" throughout the revocation hearing, the record memorializes only one specific instance occurring toward the end of the first day of testimony. There, after Shah's counsel observed that he needed to wake up Shah, the trial court recessed the proceeding without hearing any further evidence. And the trial court delayed the hearing for the next two days. Once the hearing resumed, Shah continued to request additional time at either the beginning or the end of each of the remaining days of testimony, but the record does not indicate any further instances in which Shah fell asleep. To the contrary, the record reflects the trial court's observations that Shah appeared alert, actively participated, and conferred with his counsel during the proceedings.

Shah does not allege that his counsel was unable to effectively cross-examine any of the State's witnesses; rather, Shah's counsel developed and argued relevant issues, made objections, and called one witness for the defense. Shah does not explain what additional evidence could have been offered in his defense had he been more alert during the hearing or assert that he himself would have testified.

13

Shah's bare assertion that his defense was prejudiced because he dozed off during trial does not alone establish prejudice. We conclude that Shah failed to show that his physical condition specifically affected his ability to assist his attorney. Absent a showing of specific prejudice, we cannot hold that the trial court abused its discretion in denying Shah's requests that the revocation hearing be postponed. Accordingly, we overrule Shah's third issue.

## Conclusion

Having overruled each of Shah's issues on appeal, we affirm the judgment of the trial court.

                                        Harvey Brown
                                        Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Publish.   TEX. R. APP. P. 47.2(b).