ACCEPTED
01-15-00316-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/16/2015 1:33:55 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00316-CR
## In The Court Of Appeals
## For The First District Of Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/16/2015 1:33:55 PM
CHRISTOPHER A. PRINE
Clerk

**Herman Whitfield**
*Appellant*

v.

**The State of Texas**
*Appellee*

On Appeal from Cause Number 1976709
Harris County Criminal Court at Law No. 14
Honorable Mike Fields, Presiding

## Brief for Appellant

**Oral Argument Requested**

**Alexander Bunin**
Chief Public Defender
Harris County, Texas

**Cheri Duncan**
Assistant Public Defender
Texas Bar No. 06210500
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
cheri.duncan@pdo.hctx.net
**Counsel for Appellant**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                               Herman Whitfield
SPN# 01150846871
Harris County Jail
701 N San Jacinto
Houston, TX 77002

TRIAL PROSECUTOR:                    J Murphy
Assistant District Attorney
Harris County, Texas
1201 Franklin St Ste 600
Houston, TX 77002

DEFENSE COUNSEL AT TRIAL:          Charlie C. Williams
Attorney at Law
5326 W Bellfort St Ste 215
Houston, Texas 77035

PRESIDING JUDGE:                     Hon. Michael R. Fields
County Court at Law #14
Harris County, TX
1201 Franklin St  11th Fl
Houston, TX  77002

COUNSEL ON APPEAL FOR APPELLANT:   Cheri Duncan
Assistant Public Defender
Harris County, TX
1201 Franklin St  13th Fl
Houston, TX 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................................ii

TABLE OF CONTENTS..........................................................................................................iii

INDEX OF AUTHORITIES ..................................................................................................... iv

STATEMENT OF THE CASE ................................................................................................... 1

ISSUES PRESENTED .............................................................................................................. 1

> ISSUE ONE: THE STATE'S EVIDENCE WAS LEGALLY AND FACTUALLY
> INSUFFICIENT TO PROVE THAT MR. WHITFIELD CAUSED BODILY
> INJURY TO THE COMPLAINANT.

> ISSUE TWO: TEXAS' DENIAL OF FACTUAL SUFFICIENCY REVIEW ON
> APPEAL OF CRIMINAL TRIALS VIOLATES THE CONSTITUTIONAL
> GUARANTEES OF EQUAL PROTECTION AND DUE PROCESS.

STATEMENT OF FACTS............................................................................................................ 1

SUMMARY OF THE ARGUMENT ............................................................................................ 2

ARGUMENT ............................................................................................................................ 3

ISSUE ONE ............................................................................................................................. 3

    A. STANDARD OF REVIEW ........................................................................................... 3

    B. ARGUMENT .............................................................................................................. 3

ISSUE TWO ............................................................................................................................ 5

PRAYER ................................................................................................................................. 10

CERTIFICATE OF SERVICE ................................................................................................... 11

CERTIFICATE OF COMPLIANCE ......................................................................................... 11

# INDEX OF AUTHORITIES

## Cases

*Barnett v. State*, 2009 WL 3050831 *3 (Tex. App. – Houston [1st Dist.] Sept. 24, 2009, no pet.)(mem. op., not designated for publication) ....................................................... 4

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010) ................................................. 6, 9

*Brooks v. State*, 967 S.W.2d 946 (Tex. App. – Austin 1998, no pet.) ................................. 3

*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996) ....................................................... 9

*Griffin v. Illinois*, 351 U.S. 12 (1956)........................................................................................ 5

*In Re Winship*, 397 U.S. 358 (1970) ....................................................................................... 7

*Jackson v. Virginia*, 443 U. S. 307 (1979) ............................................................................... 7

*Lane v. State*, 763 S.W.2d 785 (Tex. Crim. App. 1989) ....................................................... 5

*M.L.B. v. S.L.J.*, 519 U.S. 102 (1996)...................................................................................... 5

*Matlock v. State*, 392 S.W.3d 662 (Tex. Crim. App. 2013) ................................................... 3

*Moon v. State,* 451 S.W.3d 28 (Tex. Crim. App. 2014) ......................................................... 8

*Price v. State*, 456 S.W.3d 342 (Tex. App. – Houston [14th Dist.] 2015, pet. ref'd).......... 3

*Shah v. State*, 403 S.W.3d 29 (Tex. App. – Houston [1st Dist.] 2013, pet. ref'd)............. 4

*Trevino v. Thaler*, 133 S.Ct. 1911 (2013)................................................................................. 6

## Statutes

TEX. PENAL CODE § 1.07(8) ...................................................................................................... 3

TEX. PENAL CODE § 22.01 .......................................................................................................... 3

## Constitutional Provisions

TEX. CONST. ART. 1 § 10.................................................................................. 8, 9

TEX. CONST. ART. 1 § 19.................................................................................... 6

U.S. CONST. AMEND. V ............................................................................... 6, 8, 9

U.S. CONST. AMEND. XIV.............................................................................. 6, 8, 9

## STATEMENT OF THE CASE

Herman Whitfield was convicted of misdemeanor assault by a Harris County jury on March 30, 2015 (CR at 62). He waived sentencing by jury, and the trial judge assessed punishment at 90 days in the Harris County Jail. Judgment was entered on March 30, 2015 (CR at 64), and notice of appeal was filed the same day (CR at 67). No motion for new trial was filed.

## ISSUES PRESENTED

**ISSUE ONE: The state's evidence was legally and factually insufficient to prove that Mr. Whitfield caused bodily injury to the complainant.**

**ISSUE TWO: Texas' denial of factual sufficiency review on appeal of criminal trials violates the Constitutional guarantees of equal protection and due process.**

## STATEMENT OF FACTS

Herman Whitfield called Comcast to his home in August, 2014, to repair his telephone and Internet lines (RR at 57). Technician Michael Grant was dispatched to respond to the call. After he completed the repairs listed on his work order and a few additional services, Mr. Whitfield asked him to connect his television to his WiFi. Mr. Grant testified that he tried, but the problem actually was with the television set, not the WiFi network (RR at 60).

According to Mr. Grant, Mr. Whitfield became angry when he tried to leave the home, insisting that he could not leave until he fixed the connection. Mr. Grant said

1

that when it appeared that Mr. Whitfield would not let him leave, he asked Mr. Whitfield if Mr. Grant needed "to make a phone call," meaning, to call 911. Mr. Whitfield then hit him in the left eye, Mr. Grant testified (RR at 62).

Mr. Grant was "surprised, taken aback," he testified (RR at 62). He felt it, but the pain came later, when he got outside into the heat and began to sweat, causing a scratch under his eye to burn (RR at 65). Mr. Grant cleaned the area using his first aid kit and did not require medical treatment (RR at 69). The state offered three photos of Mr. Grant's eye into evidence (SX 2-4).

Houston police officer J.D. Newberry, who went to Mr. Whitfield's home to investigate the incident, testified that Mr. Grant had some "small swelling" under his eye, and what looked like a little cut (RR at 83). However, Mr. Whitfield's 22-year-old grandson, Tommy Winn, testified that when he pulled up into his grandfather's driveway, he met Mr. Grant and there were no scratches or bruises on him. Mr. Grant's face was clear (RR at 97).

### SUMMARY OF THE ARGUMENT

The merging of legal and factual sufficiency review standards violates defendants' U.S. and Texas Constitutional rights to meaningful review. This Court should review Mr. Whitfield's case using both standards of review. However, the evidence was insufficient under either standard, because the state did not prove either that Mr. Whitfield had the necessary mens rea for the offense of assault as alleged in the complaint, nor that his conduct caused the required result, bodily injury.

2

**ISSUE ONE: The state's evidence was legally and factually insufficient to prove that Mr. Whitfield caused bodily injury to the complainant.**

**A.    Standard of review**

When this Court reviews the legal sufficiency of the evidence, it examines all the evidence in the light most favorable to the verdict and determines whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Price v. State*, 456 S.W.3d 342, 346 (Tex. App. – Houston [14th Dist.] 2015, pet. ref'd). Factual sufficiency review examines the totality of the evidence in a neutral light. *See Matlock v. State*, 392 S.W.3d 662, 671 (Tex. Crim. App. 2013).

**B.    Argument**

Assault is a result-of-conduct offense. *See Brooks v. State*, 967 S.W.2d 946 (Tex. App. – Austin 1998, no pet.). A person commits the offense if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE § 22.01. "Bodily injury" means physical pain, illness or any impairment of physical condition. TEX. PENAL CODE § 1.07(8). The complaint in this case limits the mens rea to intentionally and knowingly (CR at 6). Accordingly, the jury charge was properly limited, and the jurors could only find Mr. Whitfield guilty if they agreed that he intended to cause bodily injury, or knew that he was likely to cause bodily injury, to Mr. Grant. There was insufficient evidence for the jury to find that the state proved this element of assault, even assuming that the state proved that Mr. Whitfield actually hit

Mr. Grant.

Mr. Grant's own testimony was that he was surprised and taken aback, not physically hurt, by Mr. Whitfield's action (RR at 63). The state's photographs do not show any physical impairment, and there was no evidence that Mr. Grant became ill as a result of this incident. The prosecutor tried to establish that Mr. Grant felt pain at the time he was hit, but Mr. Grant would say only that he "definitely felt it" and that the pain came later from the scratch itself, "once I got outside in the sun and sweat started beading down and burning" (RR at 65).

This Court has said that a jury may infer pain from the facts of an altercation, but that broad language was qualified by the Court's review of the particular evidence from which the jury could have drawn its inference. *See Barnett v. State*, 2009 WL 3050831 *3 (Tex. App. – Houston [1st Dist.] Sept. 24, 2009, no pet.)(mem. op., not designated for publication). In *Barnett*, the complainant was cut by shattered glass and bled from the cuts. Additionally, neighbors saw the defendant attacking her and heard her scream that he was hurting her. *Id.* The state had additional evidence to support a reasonable inference that the complainant suffered pain. Similarly, in *Shah v. State*, the evidence showed that the defendant head-butted the complainant and caused bleeding from the bridge of his nose to bleed. *See Shah v. State*, 403 S.W.3d 29, 34-5 (Tex. App. – Houston [1st Dist.] 2013, pet. ref'd).

In this case, there is no evidence about how Mr. Whitfield hit Mr. Grant, or with

4

how much force. The state did not prove that the alleged blow was more than a mere "offensive touch," which is not sufficient to establish bodily injury. *See Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989)(Definition of bodily injury "seems to encompass even relatively minor physical contacts so long as they constitute more than mere offensive touching."). There was no blood, no broken glass, no sutures; just some stinging when Mr. Grant began to sweat later, when he got outside the home.

Further, the rest of Mr. Whitfield's alleged conduct does not support an inference that he intended or knew that he might cause pain to Mr. Grant. The most the evidence shows is that he intended to get Mr. Grant to stop and repair his television (RR at 61). While the evidence might have shown recklessness, it fell far short of showing any intent or knowledge. Because the state did not charge Mr. Whitfield with recklessness, he could not be convicted on that basis. The evidence was legally and factually insufficient to prove: 1) mens rea; and 2) result, i.e., bodily injury.

> **ISSUE TWO: Texas' denial of factual sufficiency review on appeal of criminal trials violates the Constitutional guarantees of equal protection and due process.**

If a state gives criminal defendants a right to appeal, the process of appellate review must be consistent with the requirements of due process, due course of law, and equal protection. *See Griffin v. Illinois*, 351 U.S. 12, 18 (1956). The Supreme Court's decisions concerning access to judicial processes reflect both equal protection and due process concerns. "(I)n the Court's *Griffin*-line cases, '[d]ue process and equal protection principles converge.' … The due process concern homes in on the essential fairness of

5

the state-ordered proceedings anterior to adverse state action." *M.L.B. v. S.L.J.*, 519 U.S. 102, 120 (1996) (citations omitted). *See, also*, U.S. CONSTIT. AMEND. V, XIV; TEX. CONSTIT. ART. 1 § 19.

In a 2013 criminal case from Texas, the Supreme Court said: "[F]or present purposes, a distinction between (1) a State that denies permission to raise [a] claim on direct appeal and (2) a State that in theory grants permission but, as a matter of procedural design and systemic operation, denies a meaningful opportunity to do so is a distinction without a difference." *Trevino v. Thaler*, 133 S.Ct. 1911, 1921 (2013). In *Trevino*, the Supreme Court concluded that Texas law did not offer a meaningful opportunity for defendants to present a claim of ineffective assistance of trial counsel on direct appeal. Because of this problem, which the Court considered to be structural constitutional error, the Court decided that the defendant was not procedurally barred from raising a federal habeas claim of ineffective assistance. *Trevino*, 133 S.Ct. at 1921.

Besides the problem identified in *Trevino*, Texas jurisprudence has created another barrier to meaningful review of criminal convictions – specifically, review of whether the state has proved its case beyond a reasonable doubt. This problem arose after *Brooks* "merged" legal and factual sufficiency reviews. *See Brooks v. State*, 323 S.W.3d 893, 894-5 (Tex. Crim. App. 2010).

> The reasonable doubt standard
>
> is indispensable to command the respect and confidence of the community in applications of the criminal law. It is critical that the moral force of the criminal law not be diluted by a standard of proof that leaves

> people in doubt whether innocent men are being condemned. It is also important in our free society that every individual going about his ordinary affairs have confidence that his government cannot adjudge him guilty of a criminal offense without convincing a proper factfinder of his guilt with utmost certainty.

*In re Winship*, 397 U.S. 358, 364 (1970). Similarly, the "moral force of the criminal law" should not be diluted by a standard of review that leaves people in doubt whether innocent people are being condemned. Yet the current standard of review, legal sufficiency as defined in *Jackson v. Virginia*, 443 U. S. 307 (1979), creates the very problem described in *Winship*.

When reviewing courts limit their analysis to the evidence supporting the verdict, as appellate courts now must do, they can never reach the real question in every criminal case: did the state prove *beyond a reasonable doubt* that the defendant was guilty? If all evidence contrary to the verdict must be ignored, no matter how overwhelming it was, a reviewing court has no way to evaluate whether a rational juror would have a reasonable doubt. A juror's doubt arises from consideration of *all* the evidence, not just the state's evidence. Factual sufficiency review, too, considers all the evidence; legal sufficiency review does not.

The "merging" of the legal and factual sufficiency standards of review is not facially problematic, but, as in *Trevino*, the systemic operation of the *Brooks* rule makes it highly unlikely that a defendant will have a meaningful review of evidentiary sufficiency issues. Also troubling, from both Constitutional law and public policy standpoints, is the fact that Texas still gives factual sufficiency review to civil cases, but

7

not to most criminal cases. This disparate treatment of citizens in the courts violates the equal protection guarantees in the U.S. and Texas Constitutions. *See* U.S. CONST. AMEND. XIV; TEX. CONSTIT. ART. 1 § 10. Further, no legitimate public policy reason justifies giving greater appellate review to civil litigants than to persons facing the loss of life or liberty.

On the criminal side of the docket, factual sufficiency review still lives in certain cases, as the Court of Criminal Appeals last year affirmed. *See Moon v. State,* 451 S.W.3d 28, 45-6 (Tex. Crim. App. 2014): "Facts which must be proven by a preponderance of the evidence are ordinarily susceptible to appellate review for factual sufficiency. … Indeed, even in criminal cases, we have said that the courts of appeals may conduct factual-sufficiency reviews when confronted with fact issues for which the burden of proof is by a preponderance of the evidence." This raises additional equal protection and due process concerns. Some felony defendants (certified juveniles; defendants in revocation of probation and motion to adjudicate proceedings) get both factual and legal sufficiency reviews on appeal, but others (adults after trials or after guilty pleas with sentencing hearings) get only legal sufficiency review. In addition to the equal protection problem, the different treatment of different criminal defendants raises significant questions about what possible policy interests could justify such disparate treatment of similarly-situated people.

The problem can be illustrated with a simple and not-unlikely hypothetical: two co-defendants are equally culpable as parties for aggravated robbery (both are armed

8

with guns, and both threaten the complainant from the same distance, at the same time). Defendant 1 is already on community supervision for an unrelated aggravated robbery. The state moves to revoke his probation based on his commission of the second aggravated robbery. The judge grants the motion, finding by a preponderance of the evidence that he committed the second robbery, and sentences him to 50 years in prison. Defendant 2 is convicted of the second aggravated robbery after a jury finds him guilty beyond a reasonable doubt. He, too, is sentenced to 50 years in prison. On appeal, Defendant 1 will be able to argue both the legal and factual sufficiency of the evidence supporting the trial court's finding that he committed the second aggravated robbery, because the state's burden of proof in a probation revocation hearing is by a preponderance of the evidence. However, Defendant 2 will only be able to argue the *legal* sufficiency of the evidence to support his conviction for that same offense. This surely violates traditional due process notions of fair play and substantial justice, as well as the right to equal protection of the law. U.S. CONSTIT. AMENDS. V, XIV; TEXAS CONSTIT. ART. 1 § 10.

Even if the evidence were legally sufficient to convict Ms. Whitfield of misdemeanor assault, it was not factually sufficient under the pre-*Brooks* standard, which required the appellate courts to view the evidence in a neutral light, not in the light most favorable to the verdict. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996), overruled by *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010). If this Court finds the evidence was legally sufficient on each element of the offense, it still should overturn

Mr. Whitfield's conviction due to the factual insufficiency of the evidence that he caused serious bodily injury to the complainant.

## PRAYER

Mr. Whitfield respectfully requests the Court to reverse his conviction and render a judgment of acquittal due to the legal or factual insufficiency of the evidence.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas

*/s/ Cheri Duncan*

_____

**CHERI DUNCAN**
Assistant Public Defender
Texas Bar No. 06210500
1201 Franklin, 13th floor
Houston Texas 77002
(713) 368-0016 telephone
(713) 437-4318 e-fax
cheri.duncan@pdo.hctx.net

**CERTIFICATE OF SERVICE**

I certify that a copy of this brief was served electronically on the Harris County District Attorney's Office on November 16, 2015

*/s/ Cheri Duncan*

_____

CHERI DUNCAN

**CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with Rule 9.2, TEX. R. APP. PROC. It was prepared on a computer using 14-point Garamond type. It contains 2,443 words.

*/s/ Cheri Duncan*

_____

CHERI DUNCAN