**Opinion issued December 1, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00441-CR

————————————

**JULIAN MORENO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1391823**

---

**MEMORANDUM OPINION**

Julian Moreno challenges the trial court's judgment revoking his community supervision. The State had alleged three violations of the terms of his community supervision. Moreno contends the trial court abused its discretion in admitting evidence relevant to one of the violations. He admitted, however, to violating one

of the other terms. Because just one violation is sufficient to rescind community supervision, we affirm.

**Background**

Moreno pleaded guilty to assault of a family member and received five years' community supervision. TEX. PENAL CODE ANN. § 22.01(b)(2) (West Supp. 2014). The trial court set the terms and conditions of Moreno's community supervision, including that Moreno: (1) "avoid . . . us[ing], possess[ing], or consum[ing] any controlled substance, dangerous drug, marijuana, alcohol or prescription drug not specifically prescribed [to him] by lawful prescription"; (2) "[c]ommit no offense against the laws of this or any other State or the United States"; and (3) pay a $60 monthly "supervision fee" and a $10 monthly "laboratory fee" for the duration of his community supervision.

The State alleged that Moreno violated all three of those terms of his community supervision. First, Moreno tested positive for marijuana on two separate occasions during random drug tests. Second, the State alleged he assaulted his wife based on evidence that Moreno's wife called the police and reported that Moreno assaulted her and the police arrested Moreno as a result. Third, Moreno failed to pay his supervision and laboratory fees. Based on these three alleged violations, the State moved to revoke Moreno's community supervision and adjudicate guilt.

2

Moreno pleaded "not true" to each allegation. During the hearing on the motion to revoke community supervision, however, Moreno admitted that he tested positive for marijuana on two separate occasions. Moreno responded "yes" to the State's questions asking him whether he "tested positive . . . for marijuana."

During the hearing, the State called Moreno's wife to testify to the alleged assault. She testified that she did not remember anything about the incident or any circumstances surrounding it. To impeach her statement, the State proffered a recording of the call she had made to the police, in which she says that Moreno "drug her out" of her home. The evidence was admitted over Moreno's objection.

Based on the evidence produced at the hearing, the trial court found that Moreno violated the terms of his community supervision by (1) using marijuana and (2) assaulting a family member. Accordingly, the trial court found Moreno guilty of the original offense of assault against a family member[1] and sentenced Moreno to four years' confinement. Moreno appeals the revocation of community supervision.

### Moreno's admission supports the trial court's revocation of his community supervision

Moreno argues that the trial court abused its discretion in admitting the recording of his wife's report that he assaulted her for two reasons: (1) it was not properly authenticated and (2) it was admitted as "impermissible backdoor

---

[1] TEX. PENAL CODE ANN. § 22.01(b)(2) (West Supp. 2015).

3

hearsay" that "shifted the balance" against the testimony exculpating Moreno of the assault. The State argues that because "the trial court found true other allegations that [Moreno] violated the conditions of his community supervision," the trial court had an adequate basis for revoking community supervision even absent evidence that Moreno assaulted his wife.

"We review a trial court's order revoking community supervision for abuse of discretion." *Akbar v. State*, 190 S.W.3d 119, 122 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The State must prove by a preponderance of the evidence that the person under community supervision violated a term of his supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). A preponderance of the evidence exists "when the greater weight of the credible evidence before the court creates a reasonable belief that a condition of probation has been violated . . . . " *Jenkins v. State*, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983) (internal citations omitted); *see Akbar*, 190 S.W.3d at 123. If "a trial court finds several violations of community-supervision conditions, we will affirm the order revoking community supervision if the proof of any single allegation is sufficient." *Shah v. State*, 403 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

Because the finding of a single violation of the terms and conditions of community supervision is sufficient for revocation and adjudication of guilt, a trial court does not abuse its discretion in revoking community supervision if the

4

evidence establishes a violation of any term of community supervision. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). If one such ground exists, we need not address the other grounds. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *see Shah*, 403 S.W.3d at 33 ("we will affirm the order revoking community supervision if the proof of any single allegation is sufficient").

If the person on community supervision admits that he violated a condition of community supervision, sufficient evidence exists to sustain a trial court's order revoking community supervision. *See Richardson v. State*, 622 S.W.2d 852, 855 (Tex. Crim. App. 1981) (defendant's "own admission that he violated the condition of probation . . . was sufficient . . . to justify revoking his probation").

At the revocation hearing, Moreno admitted to testing positive for marijuana. Neither then nor now does he argue that the test results were inaccurate. His admission that he tested positive "is sufficient to sustain the trial court's order revoking" community supervision. *Richardson*, 622 S.W.2d at 855. Therefore, even if we were to accept Moreno's arguments regarding the admissibility of the recording, the recording is not required to support the trial court's judgment.

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Brown.

Do not publish. Tᴇх. R. Aᴘᴘ. P. 47.2(b).