**Opinion issued November 8, 2016**



In The

# Court of Appeals

### For The

## First District of Texas

—————————————

**NO. 01-15-00927-CR**
**NO. 01-15-00928-CR**

—————————————

**JUAN ANTONIO DELEON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 412th Judicial District Court**
**Brazoria County, Texas**
**Trial Court Case Nos. 71487 & 71985**

---

### MEMORANDUM OPINION

Appellant Juan Antonio Deleon pleaded guilty to charges of felony deadly conduct and enhanced felony aggravated assault. *See* TEX. PENAL CODE §§ 22.02, 22.05. The trial court deferred adjudication and placed Deleon on community

supervision for five years. The State subsequently moved to adjudicate guilt in both cases. The trial court granted both motions, found Deleon guilty of the charged offenses, and sentenced him to concurrent sentences of five and eight years.

On appeal, Deleon argues that the trial court abused its discretion by adjudicating guilt and in sentencing. He also contends the judgments incorrectly recite that he pleaded true to the motions to adjudicate. We reform the judgments to accurately reflect that Deleon entered no pleas in response to the motions to adjudicate, and we affirm the judgments as modified.

**Background**

Appellant Juan Antonio Deleon pleaded guilty to separate charges of deadly conduct and enhanced aggravated assault. *See* TEX. PENAL CODE §§ 22.02, 22.05. The aggravated assault charge included an enhancement because of a prior conviction for aggravated assault. The trial court deferred adjudication and placed Deleon on community supervision for five years.

After Deleon was placed on community supervision, the State investigated two shootings that occurred near his home. Based on this investigation, the State filed motions to adjudicate guilt for both offenses, alleging that Deleon violated three conditions of his community supervision. The allegedly violated conditions were: (1) that Deleon shall "[c]ommit no offense against the laws of this State or

2

any other State of the United States or of any government entity;" (2) that he shall not purchase nor have in his possession "a rifle, shotgun, handgun or any weapon deemed illegal, unlawful or prohibited by law, either at home, in a motor vehicle or on [his] person;" and (3) that he shall "[w]ork faithfully, without compensation, at a Community-Service Task assigned by the Court, specifically, work 160 hours for a Community Restitution Program of the Brazoria County Community Supervision and Corrections Department, working no less than 16 hours per month, hour for hour."

The trial court held a contested hearing to decide the State's motions to adjudicate guilt. Prior to the start of the hearing, the State abandoned the allegation that Deleon committed a state or federal offense. Deleon never entered a plea in response to the State's motions.

At the hearing, the State called Rebecca Suniga, Deleon's community supervision officer, to testify. She testified that Deleon did not complete his community service hours for November 2014. Deleon did not present any evidence regarding his alleged failure to complete his required community service.

The remainder of the testimony presented by the State at the hearing dealt with the investigation of the two shooting incidents. After the State rested, Deleon and his wife both testified about the shooting incidents.

The trial court found that Deleon failed to perform his community service and "was in possession of a handgun." Prior to adjudicating guilt and announcing a sentence, the court gave Deleon the opportunity to speak on his own behalf. The court then found him guilty of deadly conduct and enhanced aggravated assault, and it imposed sentences of five years for deadly conduct and eight years for aggravated assault.

**Analysis**

Deleon first contends that the trial court abused its discretion by granting the State's motions to adjudicate guilt because evidence admitted at the hearing established the defenses of necessity and self-defense. Next, Deleon argues that the trial court abused its discretion in its sentencing. Finally, Deleon argues that the judgment incorrectly states that he entered a plea of true to the motions to adjudicate guilt.

## I.  Adjudication of guilt

Deleon contends that the trial court abused its discretion by granting the State's motions to adjudicate guilt because it ignored evidence of necessity and self-defense as affirmative defenses relating to his possession of a handgun.

We review a trial court's order revoking community supervision solely for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State must prove by a preponderance of the evidence that the

4

probationer violated the terms and conditions of his community supervision. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Shah v. State*, 403 S.W.3d 29, 33-34 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). We will sustain the trial court's action so long as one violation was properly established. *Dansby v. State*, 398 S.W.3d 233, 241 (Tex. Crim. App. 2013).

In this case, the State sought revocation of community supervision on two grounds: failure to complete community service hours and possession of a firearm. On appeal, Deleon only challenges the trial court's finding that he possessed a firearm in violation of the conditions of his community supervision. He does not challenge the trial court's finding that he failed to complete the required community service hours. The State presented testimony from the probation officer that Deleon failed to complete the community service hours. Based on this evidence, the trial court could find by a preponderance of the evidence that he did not complete the required community service hours and therefore violated a condition of community supervision. This violation alone provided a legally sufficient basis for the trial court to revoke community supervision. Because this basis was sufficient, it is unnecessary for us to address the other alleged violation. *See id*.

We overrule Deleon's first issue.

## II.    Sentencing

Deleon next contends that the trial court abused its discretion in sentencing by failing to take into account several important factors. These factors include his legitimate employment, his compliance with other community-supervision terms, his payment of fees, and his faithful attendance at all required appointments.

In determining a sentence, a trial court must afford a defendant a full opportunity to present mitigating evidence. *Grammer v. State*, 294 S.W.3d 182, 192 (Tex. Crim. App. 2009); *Pearson v. State*, 994 S.W.2d 176, 178 (Tex. Crim. App. 1999). In this case, Deleon testified on his own behalf, and the trial court gave him the opportunity to speak prior to sentencing. Deleon presented evidence of all of the foregoing factors during the hearing on the motions to adjudicate guilt. Therefore, the trial court satisfied its obligation to allow Deleon to present mitigating evidence.

We review sentencing determinations for abuse of discretion. *Tapia v. State*, 462 S.W.3d 29, 46 (Tex. Crim. App. 2015). Once a motion to adjudicate guilt has been granted, the trial court is limited only by the relevant statutory limits. *Ex parte Broadway*, 301 S.W.3d 694, 698 (Tex. Crim. App. 2009). As long as the sentence is within the proper range of punishment, it will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

Deleon was charged with deadly conduct and enhanced aggravated assault with a deadly weapon. Deadly conduct is punishable by two to ten years' confinement in prison. TEX. PENAL CODE § 12.34. Therefore, Deleon's five-year sentence falls within the statutory range. Enhanced aggravated assault is punishable by five to ninety-nine years' confinement in prison. *Id*. § 12.32. The trial court's sentence of eight years for this offense fell within the range of possible punishment. Because the trial court allowed Deleon to present mitigating evidence and imposed sentences within the statutory guidelines, the trial court did not abuse its discretion.

We overrule Deleon's second issue.

## III. Modification of judgment

The judgments indicate that Deleon pleaded true to the State's motions to adjudicate guilt. In his final issue, he requests that the trial court's judgments be reformed to reflect that he did not plead true to the motions.

An appellate court has the authority to reform a judgment to make the record speak the truth when the matter has been called to its attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Dromgoole v. State*, 470 S.W.3d 204, 226 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). The State concedes that Deleon did not plead true to the State's motions. The record reflects that Deleon did not enter any pleas to the motions. A defendant is not required to

7

enter a plea in response to a motion to adjudicate guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b). Because Deleon did not enter a plea, we modify the judgments to eliminate any indication of a plea of true.

## Conclusion

We affirm the judgments of the trial court as modified.


           Michael Massengale
           Justice

Panel consists of Justices Bland, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).