

# NUMBER 13-24-00061-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**CHASE ASHTON JIMENEZ,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

## ON APPEAL FROM THE 377TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Silva**

Pursuant to a plea bargain agreement, appellant Chase Ashton Jimenez pleaded guilty to the offense of evading arrest with a vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A). The trial court accepted the plea and placed Jimenez on community supervision for a period of ten years. A little more than a year later, the State

filed a motion to revoke Jimenez's community supervision. Following a hearing on the State's motion, the trial court found two allegations to be true, revoked Jimenez's community supervision, and sentenced him to ten years' imprisonment. *See id.* § 12.34. By two issues, Jimenez argues the (1) evidence was insufficient to support revocation, and (2) the sentence imposed was unconstitutionally "disproportionate to the seriousness of the alleged offense." We affirm as modified.

## I. BACKGROUND

In the State's motion to revoke Jimenez's community supervision, the State alleged Jimenez had violated five conditions of his probation, namely: he committed the offense of child endangerment, *see id.* § 22.041, on or about August 14, 2023 (No. 1); he failed to abide by his curfew on or about August 15, 2023 (No. 13); he failed to pay $960 in past due supervisory fees (No. 27); he failed to pay $365 in past due court costs and $265 in past due fines (No. 28); and he failed to complete parenting classes as directed (No. 29).

At the hearing on the State's motion, Jimenez pleaded "not true" to the allegations, and the trial court heard testimony from multiple witnesses. We omit evidence concerning allegations twenty-seven through twenty-nine, which the trial court determined to be "not true" and are not at-issue.

Victoria Police Department (VPD) Officer Trenton Ballard testified that at approximately 6:30 p.m. on August 14, 2023, he responded to a welfare call at the Victoria Mall parking lot involving a non-responsive driver of a top-down convertible and a young child. Officer Ballard arrived to find both individuals "non-responsive" inside the vehicle and was told that the child had been in the vehicle for "about two and a half hours" prior

2

to his arrival.[1] Officer Ballard testified that he prioritized caring for the child over the driver, who was later identified as Jimenez. The child eventually regained consciousness, and Officer Ballard released the child to Danielle Jimenez, the child's mother and Jimenez's wife. Attributing Jimenez's condition to dehydration, Officer Ballard declined to arrest Jimenez that day. Officer Ballard later learned that Jimenez had previously passed out under similar circumstances, and Danielle had an active warrant in connection with a separate child endangerment case for which she was on probation.[2]

Dana Woodward, a paramedic engineer with the Victoria Fire Department, testified that it took several minutes to wake Jimenez on August 14, 2023. When Jimenez regained consciousness, his speech was "very slow, slurred," and he appeared lethargic. Woodward testified that Danielle told him that Jimenez had been prescribed a "new sleep medication," Trazodone, and this was "what happens" when he takes it. Jimenez later confirmed that he had taken sleep medication "about two hours" before driving.

VPD Detective Christina Tate opined that as the only officer on-scene on August 14, 2023, Officer Ballard should have arrested Jimenez for child endangerment. As part of her investigation, she spoke with Jimenez's probation officer, who informed her that Jimenez had denied being on any prescription medicine over the last thirty days, and he had just been released from an in-patient sanction facility[3] five days prior to this incident.

---

[1] Ariel Lamas testified that she called 9-1-1 after she and others were unsuccessful in attempting to wake up the driver. At the time, the young child was still awake but had declined water.

[2] VPD Officer Jesse Garcia testified that on May 5, 2021, he located Danielle "passed out" and "surrounded by clothing with a basket down on the floor" of a stairwell of an apartment complex. Jimenez was also unresponsive inside an apartment; and their young child had been left unattended. Officer Garcia testified that Jimenez, once conscious, disclosed that he had taken Trazodone.

[3] On February 2, 2023, a capias was issued alleging Jimenez failed to report to his community

3

Danielle and Jimenez also testified at the hearing. Danielle maintained she had no knowledge of whether Jimenez had, in fact, taken any medication on August 14, 2023. Jimenez, meanwhile, denied being under the influence of any medication and attributed his condition to severe dehydration.[4] When questioned about August 15, 2023, Danielle confirmed that Jimenez had driven her to her place of employment and had been out past curfew that evening. Jimenez did not refute breaking curfew on August 15.

The trial court found two violations to be true—that Jimenez had committed the offense of child endangerment (No. 1) and that he had broken his curfew (No. 13). The trial court revoked Jimenez's community supervision and sentenced him accordingly. This appeal followed.

## II.    SUFFICIENCY

Jimenez first argues the trial court abused its discretion in finding allegations numbers one and thirteen to be true because the State failed to "put forth sufficient evidence" of either.

An order revoking community supervision must be supported by a preponderance of the evidence, meaning the "greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013) (quoting *Rickels v. State*, 202

---

supervision officer in December and January, failed to complete parenting classes, failed to work or complete community service hours as ordered, and failed to pay court costs and supervision fees. Jimenez waived his right to a hearing and agreed to the trial court's amendment of his community supervision terms. The amendment included orders for Jimenez to receive in-patient treatment at a State of Texas Intermediate Sanction Facility.

[4] The trial court took judicial notice that on August 14, 2023, it had been over 100 degrees outside.

4

S.W.3d 759, 764 (Tex. Crim. App. 2006)); *Martinez v. State*, 563 S.W.3d 503, 510 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.). We review a trial court's decision under an abuse of discretion standard. *Hacker*, 389 S.W.3d at 865. The trial judge is the sole trier of facts, arbiter of the credibility of witnesses, and the weight to be given to the evidence presented. *Id.* We view the evidence adduced in a revocation proceeding in the light most favorable to the trial court's ruling. *See id.*; *Shah v. State*, 403 S.W.3d 29, 34 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *see also Connelly v. State*, No. 13-21-00354-CR, 2023 WL 2029139, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 16, 2023, no pet.) (mem. op., not designated for publication).

The trial court found true that Jimenez violated two conditions of probation, namely, that he broke curfew and committed the alleged offense of child endangerment. On appeal, however, Jimenez's argument concerns the trial court's finding that he committed the offense of child endangerment. Jimenez's discussion of the curfew violation is limited to broadly arguing there was insufficient evidence that he violated his curfew and included an excerpt of his trial counsel's argument to the trial court, wherein his trial counsel conceded to the existence of evidence that a violation had occurred:

> Number 13. He's driving his wife to and from work. Okay. He shouldn't be doing it. So which is worse? Let her walk after midnight or late in the evening home or go and pick her up, bring her back home? If you want . . . to find it true and revoke him for that, that's your complete discretion. But I would ask that you at least consider the fact that she was employed. He was driving her to and from work. They didn't run from the police. She had a warrant. That was—that was her problem. You could extend him a year. He's been in jail almost a year next month, Judge. I would think that that would be consideration to extend him a year on probation, make him pee twice a week, three times, whatever the Court wants. . . . Number 13 is your discretion. I would ask that if you want to sanction him for that, do that.

5

No other argument or citations to the record followed.

To the extent this argument has not been waived due to inadequate briefing, *see* TEX. R. APP. P. 38.1(i); *Mosley v. State*, 666 S.W.3d 670, 679 (Tex. Crim. App. 2023), we find sufficient evidence that such violation occurred. *See Hacker*, 389 S.W.3d at 865. Although Jimenez did not plead "true" to the allegation that he had violated his curfew, Danielle and Jimenez testified that he was out of his home in violation of his curfew on August 15, 2023. On this evidence, the trial court could have reasonably found by a preponderance of the evidence that Jimenez violated the terms of his community supervision by staying out past curfew. *See Hacker*, 389 S.W.3d at 865; *Martinez*, 563 S.W.3d at 510; *see also Leyva v. State*, No. 08-02-00333-CR, 2004 WL 1859905, at *3 (Tex. App.—El Paso Aug. 20, 2004, no pet.) (mem. op., not designated for publication) ("Appellant admitted that he violated curfew on that date; albeit, he attempted to justify his actions by claiming the necessity to purchase diapers. The evidence supports the court's decision to revoke Appellant's probation.").

Only one sufficient ground for revocation is necessary to support a trial court's decision to revoke community supervision. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *see also Wendland v. State*, No. 13-14-00639-CR, 2016 WL 4578763, at *1 (Tex. App.—Corpus Christi–Edinburg Sept. 2, 2016, no pet.) (mem. op., not designated for publication) ("[T]o obtain reversal of a revocation order, the appellant must successfully challenge each ground on which the trial court relied to support revocation."). Thus, we do not address Jimenez's sufficiency argument with respect to violation number one, which alleged he committed the offense of child endangerment. *See Smith*, 286

S.W.3d at 342; *see also Eller v. State*, No. 04-17-00780-CR, 2019 WL 1547498, at *3 (Tex. App.—San Antonio Apr. 10, 2019, pet. ref'd) (mem. op., not designated for publication) (concluding the evidence showed appellant violated a condition of his probation by breaking curfew and declining to address appellant's arguments concerning other violations found by the trial court). We conclude the trial court did not abuse its discretion in revoking Jimenez's community supervision. We overrule Jimenez's first issue.

### III.   PUNISHMENT

Jimenez next argues the sentence imposed by the trial court was disproportionate to the seriousness of the alleged offense, in violation of his constitutional rights.

An allegation of excessive or disproportionate punishment is a legal claim embodied in state and federal constitutional bans on cruel or unusual punishment and based on a "narrow principle that does not require strict proportionality between the crime and the sentence." *State v. Simpson*, 488 S.W.3d 318, 322–24 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)); *see* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); TEX. CONST. art. I, § 13 ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."). A successful challenge to proportionality is exceedingly rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23 (citing *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd).

7

However, to preserve for appellate review a complaint that a sentence is grossly disproportionate or cruel or unusual, a defendant must present to the trial court a "timely request, objection, or motion" stating the specific grounds for the ruling desired. TEX. R. APP. P. 33.1(a); *see Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986) ("It is well settled that almost every right, constitutional and statutory, may be waived by the failure to object."); *Toledo v. State*, 519 S.W.3d 273, 284 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (concluding defendant had failed to preserve disproportionate-sentencing complaint); *see also Adams v. State*, No. 13-09-00334-CR, 2010 WL 2783745, at *8 (Tex. App.—Corpus Christi–Edinburg July 15, 2010, pet. ref'd) (mem. op., not designated for publication) (concluding the same where appellant was sentenced to forty years' imprisonment for evading arrest, enhanced by his felony habitual offender status). "To state the obvious, an unpreserved grossly disproportionate sentencing argument cannot conceivably persuade this Court and is thus frivolous." *Trevino v. State*, 676 S.W.3d 726, 732–33 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.).

At no time prior to the appeal did Jimenez argue that the sentence imposed was disproportionate to the offense charged or in violation of his constitutional rights. Accordingly, Jimenez failed to preserve his complaint for review. *See* TEX. R. APP. P. 33.1(a); *Trevino*, 174 S.W.3d at 927–28. We overrule Jimenez's second issue.

## IV. JUDGMENT

We may modify incorrect judgments to make the record "speak the truth" when we have the necessary data and information, and we may do so on our own motion. *See*

8

TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Munguia v. State*, 636 S.W.3d 750, 756 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd).

The "Plea to Motion to Revoke" section in the judgment currently reads "TRUE." However, the record reflects that Jimenez pleaded "not true" to all allegations. Having concluded that the necessary information to correct the judgments appears in the record, we modify the judgment to reflect that Jimenez pleaded "NOT TRUE." *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *see also Gonzalez v. State*, No. 13-20-00537-CR, 2022 WL 868533, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 24, 2022, no pet.) (mem. op., not designated for publication).

## V. CONCLUSION

We affirm the trial court's judgment as modified.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
22nd day of August, 2024.

9