**Opinion issued November 6, 2018**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-17-00964-CR**

—————————————

**RALPH DUMBAR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1426611**

## MEMORANDUM OPINION

Appellant Ralph Dumbar was indicted for the offense of aggravated assault

with a deadly weapon[1] and pleaded guilty. The trial court deferred adjudicating his

---

[1]     *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

guilt, placed him on community supervision for five years, and ordered him to pay a $200 fine. The State later filed a motion to adjudicate guilt, alleging seven reasons for revoking community supervision. He pleaded "not true" to the allegations. After a hearing, the trial court found allegations one (intentionally giving a false or fictitious name to a peace officer), five (failing to obtain suitable employment or to provide proof of efforts to obtain employment), six (failing to attain a successful discharge from court-ordered outpatient treatment), and seven (failing to participate in a court-ordered substance-abuse program) to be true and sentenced him to ten years' imprisonment. In his sole contention on appeal, Dumbar argues that the evidence was insufficient to support allegation one because the State obtained its evidence as a result of an unlawful detention. His brief before us does not otherwise challenge the trial court's findings on allegations five, six, and seven. We modify the trial court's judgment and affirm it as modified.

**Background**

In 2014, Dumbar pleaded guilty to aggravated assault with a deadly weapon. The trial court deferred adjudication of guilt, placed him on community supervision for five years, and ordered him to pay a $200 fine.

In 2015, the State filed an amended motion to adjudicate his guilt, alleging that he had violated the conditions of his community supervision by (1) intentionally giving a false or fictitious name to a peace officer, (2) failing to avoid injurious or

2

vicious habits by using cocaine, (3) failing to avoid injurious or vicious habits by using cocaine on a separate occasion, (4) failing to report to his community-supervision officer, (5) failing to obtain suitable employment or to provide proof of efforts to obtain employment, (6) failing to attain a successful discharge from court-ordered outpatient treatment, and (7) failing to participate in a court-ordered substance-abuse program. He pleaded "not true" to the allegations.

At the hearing on the State's motion, the State introduced testimony from Officer J. Smith of the Houston Police Department. Officer Smith testified that, while working for the Department's gang unit, he came upon an area known for sales of illegal drugs. He saw and then approached a large group of men "hanging out" and playing "music excessively loud." When he got out of his car, he could smell marijuana, and he saw marijuana in a car near the group. Dumbar and another man were about twenty feet from the car; Officer Smith detained them. Dumbar then told Officer Smith that his name was "Kendrick Dumbar" and that his birthday is March 4, 1998. "Kendrick" is not Dumbar's name, and his birthday is actually March 4, 1995.

The State also introduced testimony from M. Reid, a court-liaison officer employed by the Harris County Community Supervision and Corrections Department. Reid testified that she explained to Dumbar the conditions of his community supervision and that they included reporting proof of employment or

3

attempts to obtain employment, attaining a successful discharge from the Turning Point treatment program, and completing the Substance Abuse Continuum Care program. Reid testified that Dumbar failed to report any employment or efforts to obtain employment, was unsuccessfully discharged from Turning Point, and failed to report whether he had successfully completed Substance Abuse Continuum Care.

Following the presentation of evidence, the trial court found allegations one, five, six, and seven to be true. It adjudicated Dumbar's guilt for aggravated assault with a deadly weapon, revoked his community supervision, and sentenced him to ten years' imprisonment.

**Grounds for Adjudication of Guilt and Revocation of Community Supervision**

In his sole issue, Dumbar contends that the trial court erred by adjudicating his guilt and revoking his community supervision based on the State's allegation that he intentionally gave a false or fictitious name to a peace officer. Dumbar argues that the detention leading to his remarks to Officer Smith was unlawful and that, therefore, any evidence obtained as a result is inadmissible. Were the evidence inadmissible, his argument goes, there would be insufficient evidence to support the trial court's finding on allegation one.

## I.     Standard of Review

We review an order adjudicating guilt and revoking community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App.

2006). The State bears the burden of proof to show by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the State's motion. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Shah v. State*, 403 S.W.3d 29, 33–34 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). The State meets its burden if its evidence "created a reasonable belief that [the defendant] violated a condition of community supervision." *Shah*, 403 S.W.3d at 34. If the State fails to carry its burden, then the trial court abuses its discretion by adjudicating guilt and revoking community supervision. *Id.*

We view the evidence in the light most favorable to the trial court's ruling. *Id.* The trial court is the sole judge of the facts, the credibility of the witnesses, and the weight to be given to the witnesses' testimony. *Id.*

If the evidence allows the trial court reasonably to find that the defendant violated at least one condition of community supervision, then that one violation is sufficient on its own to support an adjudication of guilt and revocation of community supervision, and we need not consider whether the State presented sufficient evidence of other alleged violations. *Id.* at 35; *see also O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. [Panel Op.] 1981); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

5

**II.      Dumbar did not challenge three of the allegations found to be true, and sufficient evidence supports those allegations.**

Dumbar's only argument on appeal is that insufficient evidence supported allegation one because the evidence of his intentionally giving a false or fictitious name to a peace officer stems only from an unlawful detention by Officer Smith.

Dumbar does not challenge allegations five, six, or seven, which the trial court found to be true. Reid's testimony supported the allegations that Dumbar failed to obtain employment and failed to report proof of efforts to obtain employment (allegation five), failed to attain a successful discharge from the Turning Point treatment program (allegation six), and failed to complete Substance Abuse Continuum Care (allegation seven). Dumbar even notes that his trial counsel "did concede that [he] failed to report for the second half of July 2017 and failed to provide proof of suitable employment." His counsel acknowledged during closing argument that "[t]he Court is aware of the failure of the defendant to provide the department the proof of suitable employment."

Reid's testimony supplied sufficient evidence from which the trial court reasonably could have found that Dumbar violated the conditions of his community supervision as the State alleged in allegations five, six, and seven. Because proof of one violation is sufficient to support an adjudication of guilt and revocation of community supervision, we need not reach Dumbar's issue concerning allegation

one. *See O'Neal*, 623 S.W.2d at 661; *Moore*, 605 S.W.2d at 926; *Shah*, 403 S.W.3d at 35.

We hold that the trial court did not abuse its discretion in adjudicating Dumbar's guilt and revoking his community supervision.

### III.   The trial court's judgment should be modified to reflect Dumbar's plea of "not true" to the State's motion.

The State raises a clerical error in the trial court's judgment. The judgment indicates that Dumbar pleaded "true" to the State's motion to adjudicate guilt. The record, however, reflects that Dumbar pleaded "not true."

We may "correct and reform a trial court judgment 'to make the record speak the truth when [we] ha[ve] the necessary data and information to do so, or make any appropriate order as the law and nature of the case may require.'" *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)); *accord* TEX. R. APP. P. 43.6.

Because the record reflects that Dumbar pleaded "not true," we modify the trial court's judgment by adding "not" before "true" in the portion of the judgment stating Dumbar's "plea to motion to adjudicate."

## Conclusion

We affirm the judgment of the trial court as modified.


Russell Lloyd
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).