

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00374-CR
No. 04-24-00376-CR

Dionne Jamichael **JOHNSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CR9697 and 2022-CR-10467
Honorable Michael E. Mery, Judge Presiding

Opinion by: Velia J. Meza, Justice

Sitting: Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: April 16, 2025

AFFIRMED

This is a consolidated appeal from two orders revoking Appellant Dionne Jamichael

Johnson's probation.[1] In cause number 04-24-00374, Johnson raises two points of error. Johnson

argues the trial court abused its discretion by granting the State's motion to revoke community

---

[1] Johnson filed two separate appellate briefs raising three total points of error. He is represented by Attorney James P. Sieloff in cause number 04-24-00374. In his appeal of cause number 04-24-00376, Johnson is represented by Attorney Alfonso Otero. The cases are resolved in a single opinion.

supervision, and second, by sentencing Appellant to three years confinement in the Texas Department of Criminal Justice, Institutional Division. In cause number 04-24-00376, Johnson raises a single point of error alleging the trial court committed reversible error by revoking his community supervision without first making a finding that Johnson "willfully" failed to pay the fees of his treatment program. We affirm the judgments of the trial court.

### *Background Applicable in both 04-24-00374 and 04-24-00376*

*Indictment in Cause Number 2020-CR-9697 (Appellate Cause No. 04-24-00376-CR)*

On October 6, 2020, the State of Texas indicted Dionne Jamichael Johnson with the offense of Assault-Family Choking/Strangulation, second offense, and Assault-Family, second offense, both filed in cause number 2020-CR-9697. On July 30, 2021, pursuant to a plea bargain agreement, Johnson entered a plea of no contest to count one, the Assault/Choking, and the State waived count two. On September 14, 2021, the trial court found Johnson guilty and assessed punishment at five years confinement, suspended the imposition of the sentence, and placed him on community supervision for five years.

*Initial Motion to Revoke in Cause Number 2020-CR-9697*

While Johnson was serving his sentence on community supervision in the above referenced cause number, the State filed a Motion to Revoke (MTR) his probation on August 23, 2022. The State alleged numerous violations of the conditions of probation, including that Johnson committed new assault offenses[2], that Johnson failed to submit to drug testing, and that he failed to complete community service hours. The State also alleged that Johnson failed to provide verification of attendance to the Battering Intervention and Prevention Program, or BIPP. On November 28, 2022,

---

[2] The violation of condition number one alleged Johnson committed an assault on August 11, 2022. Johnson did not enter a plea to the allegation at the MTR hearing because the State waived and abandoned the allegation. Instead, the State prosecuted the new allegation of assault in the indictment in cause number 2022-CR-10467 filed on October 27, 2022.

the trial court conducted a hearing on the State's Motion to Revoke. Johnson pled true to failure to provide proof of attendance at BIPP. During the hearing, Johnson testified that when the court initially granted probation in this case, he was released and he secured employment. "I got—I get—I get my job, get on my feet. I get an apartment. I establish a job, a stable job. And then I established a business with the city, registered with the city, 3D Landscaping and Pro-Cuts." Johnson testified he had a second job working at Chuy's and a third job working from home doing printing jobs for a company. With regard to the status of his attendance to BIPP, Johnson explained he finished six of the twelve classes. When the court directly asked Johnson why he had not completed the BIPP course in the fourteen months he was on probation, Johnson explained he was working a lot of hours. The court also heard Johnson's proffered testimony that he suffered from PTSD, Schizophrenia, and bipolar disorder and how those mental health issues led him to seek help from the Center for Health Care Services.

After a hearing on these matters, the court found the violation to be true but denied the State's Motion to Revoke. The court continued Johnson on community supervision with additional conditions to help address his mental health needs.

*Indictment in Cause Number 2022-CR-10467 (Appellate Cause No. 04-24-00374)*

In the companion case, on October 27, 2022, the State charged Johnson with Assault-Family, second offense in cause number 2022-CR-10467. Johnson entered a plea of no contest on January 10, 2023. The court found him guilty and scheduled the sentencing hearing for March 7, 2023. On that date, the court sentenced Johnson to five years confinement, suspended the sentence and placed him on community supervision for a period of seven years.[3] The trial court ordered that

---

[3] The initial judgment of conviction by the court in 2022-CR-10467 indicates the court sentenced Appellant to 7 years TDCJ-ID, suspended and probated for 7 years. However, the plea bargain agreement, the oral pronouncement of the sentence, and the judge's handwritten notes all indicate the trial court imposed a sentence of 5 years confinement,

Johnson remain on probation for the original Assault/Choking case, and granted probation on the subsequent Assault-Family, second offense charge. The Judge ordered the cases run concurrent with one another.

Thereafter, on May 26, 2023, in the original probation case only, cause number 2020-CR-9697, the State filed a second Motion to Revoke Johnson's community supervision alleging Johnson violated the condition of no contact with the listed complainant in the case.[4] Presumably because it was filed in error, the State withdrew the Motion on June 28, 2023, without a hearing. The Court continued Johnson on probation for both matters.

*Final Motion to Revoke Probation in both cases*

On November 9, 2023, the State filed a Motion to Revoke Johnson's community supervision in both 2020-CR-9697 and 2022-CR-10467. The State alleged, that Johnson committed new offenses including assault, stalking, and harassment. The State also alleged that Johnson failed to attend and comply with the BIPP.

On May 8, 2024, the court conducted a hearing on the State's Motion to Revoke in both cases. At the hearing, Johnson pled true to failing to comply with the BIPP.[5] The trial court found the violation to be true and granted the State's Motion to Revoke. The court revoked the probation in each case and reformed each underlying judgment to three years confinement in the Texas

---

suspended and probated for 7 years. Because this judgment was ultimately reformed at the revocation hearing, this court will not modify the original judgment of conviction.

[4] The State's Motion alleged a violation of the no contact order with Jurema Sanchez; however, the conditions of probation mandated a no contact order with Camery Corbbrey.

[5] The specific violation number fifteen in 04-24-00376 alleges that Johnson "on or about the 6th day of November 2023, in Bexar County, Texas, the defendant Dionne Jamichael Johnson, did then and there fail to *attend, comply with all rules, regulations, instructions and financial agreements*, as directed by the Court and/or Supervision Officer and/or the head of or authorized personnel of the following Counseling/Education program: State Accredited [BIPP], in violation of Condition No. 15." In 04-24-00374, the violation reads identical except it is numbered thirteen instead of fifteen.

Department of Criminal Justice, Institutional Division. The trial court ordered the sentence in each case run concurrently.

### Discussion in cause number 04-24-00374

We review a trial court's decision to revoke community supervision for an abuse of discretion. *See Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The State bears the burden to prove the defendant violated a term of his community supervision by a preponderance of the evidence. *Hacker, 389 S.W.3d at 864–65*. However, our law provides that when a plea of true is made, the sufficiency of the evidence may not be challenged. *See Hays v. State*, 933 S.W.2d 659, 661 (Tex. App.—San Antonio 1996, no pet.) (citing *Rincon v. State*, 615 S.W.2d 746, 747 (Tex. Crim. App. [Panel Op.] 1981)); A "plea of true, standing alone, is sufficient to support the revocation of probation." *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). "The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial [court's] ruling." *Brown v. State*, 354 S.W.3d 518, 519 (Tex. App.—Fort Worth 2011, pet. ref'd) (mem. op.).

In a probation revocation hearing, if the trial court finds the State's allegations true, the trial court "has wide discretion to modify, revoke, or continue the [community supervision]." *See Ex parte Tarver*, 725 S.W.2d 195, 200 (Tex. Crim. App. 1986), *overruled on other grounds by State v. Waters*, 560 S.W.3d 651 (Tex. Crim. App. 2018); *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.).

Once a trial court has decided to revoke a defendant's community supervision, Article 42A.755 allows the judge to "proceed to dispose of the case as if there had been no community supervision." TEX. CODE CRIM. PROC. art. 42A.755(a)(1). The judge has the discretion to continue

or place a defendant back on community supervision if the trial court finds it "in the best interest of justice, the public, and the defendant," *Id.* 42A.755(a)(2).

In this case, Johnson entered a plea of true to violating the condition that required him to attend, comply with all rules, regulations, instructions and financial agreements of the state accredited BIPP. By his plea of true at the hearing, Johnson admitted that he did not complete the BIPP course as required. As such, Johnson's revocation of probation in both cases, is supported by his plea of true.

Accordingly, we find no abuse of discretion in the trial court's revocation of Johnson's probation. Johnson's first point of error is overruled.

In his second point of error, Johnson argues the Court abused its discretion by considering the contents of a prior presentence investigation report, or PSI.

After accepting Johnson's plea of true, and the court finding it true, the court took up the matter of punishment. Johnson did not have an agreement on how the court should dispose of his cases given his plea of true, and in fact left the matter open for the court to decide.[6] The State asked the court to sentence Johnson to five years confinement in each case and agreed the sentences should run concurrently. Johnson asked the court to allow him to continue his probation.

The defense called Johnson to testify on the issue of punishment. Johnson testified that while he was behind on probation fees, he was actively working to satisfy several of his conditions of probation, including fees and community service hours. He testified he was employed and had stable housing which had previously affected his ability to comply with probation.

---

[6] THE COURT: I accept your plea of true and I find that it is true. Mr. Valle, have you and Mr. Hillie worked out something that you want me to follow?
MR. VALLE: No your honor, We're going to plead open to the court.

While Johnson's counsel directed him to the fact that he would be entitled to 800 days credit on a prison sentence, Johnson maintained he wanted to continue probation. Johnson reiterated he was "50 percent done with the [BIPP] at this time, he was attending community services hours, and alcohol anonymous classes." Johnson persisted in his testimony that he had "gainful employment, a residence, and a vehicle." Specifically, Johnson testified he was working at IHOP making "roughly around $6,000 a month."[7]

After both sides concluded their presentation, the court considered the contents of the PSI prepared for the previous sentencing hearing on March 7, 2023. The court acknowledged Johnson's efforts during probation but nonetheless proceeded to sentence Johnson in both cases. The Court denied Johnson's request to remain on probation, signaling that the best interest of the defendant and society would best be served by reforming the underlying sentence to a lower term of confinement. Johnson's sentence was ultimately lower than previously imposed by the court, and, lower than the State requested at the revocation hearing.

At his revocation hearing, Johnson did not object to the court's consideration of the prior presentence investigation report. To preserve error for review, a litigant must timely object and state the grounds for the ruling sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context of

---

[7] While Johnson testified that he was half done with the BIPP course and had a job earning $6,000 per month, his later testimony on cross examination makes it unclear whether Johnson was employed and earning the stated wages or not.
"Q: (MR. VALLE) And you had a condition for a BIPP course; is that correct?
A: Yes, sir.
Q: Okay. Did you complete that course?
A: No. I'm---I'm halfway done with the curriculum. It's just with the work and everything else, my scheduling, its just—the classes, there's only one once a week.
Q: But you still haven't been able to comply with your original probation for either case?
A: Yeah. It's just—it's just I'm trying to juggle, you know, finding new work. I was working two jobs at one time. And just being able to find the time to be able to have the financial resources to be able to pay for the class because the classes are $150 to actually register. It's $25.00 per class that I got to pay to the class people…***but that's definitely my goal is to be able to do.***"

the objection. TEX. R. APP. P. 33.1(a)(1)(A). "In the absence of proper procedural perfection of error, the only type of errors that may be raised for the first time on appeal are complaints that the trial court disregarded an absolute or systemic requirement or that the appellant was denied a waivable-only right that he did not waive." *Reyes v. State*, 361 S.W.3d 222, 229 (Tex. App.—Fort Worth 2012, pet. ref'd); *see also Rose v. State*, No. 04-12-00550-CR, 2013 WL 5570421, at *2–3 (Tex. App.—San Antonio Oct. 9, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Reyes* and holding that trial court's erroneous consideration of PSI report subject to waiver). Other courts reviewing a trial court's consideration of a PSI report have concluded such complaints may be waived. *Duncan v. State*, No. 07-18-00172-CR, 2018 WL 4190802, at *3 (Tex. App.—Amarillo Aug. 31, 2018, no pet.) (mem. op., not designated for publication) (collecting cases).

In this case, Johnson's counsel on the Motion to Revoke did not object to the court's review of the presentence investigation report. As such, Appellant failed to preserve error for review, and we overrule his second issue. *See* TEX. R. APP. P. 33.1(a)(1).

### *Discussion in 04-24-00376*

Johnson's single point of error in his appeal under cause number 04-24-00376 argues that the trial court committed reversable error by revoking Johnson's community supervision without first inquiring whether Johnson "willfully refused to pay fees and treatment." We note that while Johnson references the "ability to pay" statute in the portion of his appellate brief entitled "summary of the argument", Johnson makes no argument under the specific provisions of the statute.[8] Instead, Johnson's point of error seems to focus on his right of due process under federal

---

[8] Even absent preservation, an appellate court may address whether the evidence is sufficient to support revocation because the statute describes the evidentiary burden of the State, and sufficiency-of-the-evidence complaints cannot be forfeited through the inaction of failure to object at trial. *See Bryant v. State,* 391 S.W.3d 86, 92–93 (Tex. Crim. App. 2012).

law. Johnson argues the trial court committed error when it failed to inquire into Johnson's ability to pay and consider alternatives to incarceration. *See Bearden v. Georgia* 461 U.S. 660 (1983).

It is well established that, to preserve an issue for appeal, a timely objection must be made that states the specific ground for the objection, if the specific ground was not apparent from the context. A general or imprecise objection may be sufficient to preserve error for appeal, but only if the legal basis for the objection is obvious to the court and to opposing counsel. When the objection is not specific and the legal basis is not obvious, an appellate court will not reach the merits of a forfeitable issue that is essentially raised for the first time on appeal. *See Buchanan v. State,* 207 S.W.3d 772, 775 (Tex. Crim. App. 2006) (internal citations omitted); *see also Schultze v. State,* 177 S.W.3d 26, 38 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (noting that "an objection stating one legal basis may not be used to support a different legal theory on appeal").

Ultimately, Johnson did not raise any objections at trial or make it clear to the trial court that his due process rights were being violated. Johnson presented a generalized request to remain on probation, after many prior Motions to Revoke filed against him for the same type of alleged behavior. As such, Johnson has failed to preserve his constitutional challenge of a due process violation for review. *See Rogers v. State*, 640 S.W.2d 248, 265 (Tex. Crim. App. [Panel Op.] 1981)

---

When the State seeks revocation of probation based solely on the failure of the defendant to pay costs and fees as ordered under the terms and conditions of the community supervision order, the trial court is required to make a finding as to the defendant's ability to pay. *See Martinez v. State*, 563 S.W.3d 503, 511 (Tex. App.—Corpus Christi 2018, no pet.).

Here, the ability-to-pay statute is inapplicable to Johnson as it was never alleged that his only violation of the community supervision order was failure to "pay community supervision fees or court costs or by failing to pay the costs of legal services." See TEX. CODE CRIM. PROC. ANN. ART. 42A.751(i).

Rather, the State alleged, and Johnson pled "true" to failure to "***attend, comply with all rules, regulations, instructions and financial agreements***, as directed by the Court and/or Supervision Officer and/or the head of or authorized personnel of the following Counseling/Education program: State Accredited [BIPP], in violation of Condition No. 15." One element of BIPP is to abide by the financial agreements of the program. To the extent that Johnson was required to pay for the cost of attending the BIPP course, that cost is not the type that requires an inquiry into Johnson's ability to pay under the Texas statute.

(op. on State's first motion for reh'g) (holding that when appellant failed to voice his due process objection he waived his complaint in the revocation hearing); *see also Shah v. State*, 403 S.W.3d 29, 36 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (holding that failing to object waives the appellant's due process argument); *see also* TEX. R. APP. 33.1. Because Johnson failed to preserve his federal due process claim, we overrule Johnson's sole issue for the appeal in cause number 04-24-00376.

### *Conclusion*

Having overruled Johnson's errors on appeal, we affirm the trial court's judgment revoking community supervision and imposing the sentence of imprisonment in cause number 2020-CR-9697, and cause number 2022-CR-10467.

Velia J. Meza, Justice